IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**Jennifer Doney,**

    **Plaintiff,**

**v.**

**Salisbury University,**
**Dr. Carolyn "Lyn" Ringer Lepre,**
**Dr. Laurie Couch, Dr. Dane Foust,**
**Ms. Aurora Edenhart-Pepe,**           Civil Action No. _____
**University System of**
**Maryland Board of Regents,**
**and other owners, employees,**
**and agents of Salisbury University,**

    **Defendants.**

## COMPLAINT

---

## INTRODUCTION

1. This is an action brought by Plaintiff Jennifer Doney against Salisbury University, located at 1101 Camden Avenue, Salisbury, Maryland 21801, and its administrators, employees, agents, and governing board, for violations of federal laws, including the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, Title II of the ADA, and the Fourteenth Amendment to the U.S. Constitution.

2. Plaintiff alleges that Defendants discriminated against her on the basis of her disabilities, including severe ADHD and a hearing impairment, failed to provide reasonable accommodations, and denied her procedural due process rights. Plaintiff seeks compensatory damages, injunctive relief, and declaratory relief to remedy the harm caused by Defendants' actions.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to **28 U.S.C. § 1331**, as this case arises under federal laws, including the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.

4. This Court has supplemental jurisdiction over related state law claims pursuant to **28 U.S.C. § 1367**.

5. Venue is proper in this judicial district pursuant to **28 U.S.C. § 1391(b)**, as Salisbury University is located in Salisbury, Maryland, and the events giving rise to this action occurred within the State of Maryland.

## PARTIES

6. **Plaintiff:** Jennifer Doney is a resident of West Virginia. At all relevant times, Plaintiff was enrolled in the Master's in Social Work program at Salisbury University. She resides at 257 Oheren Dr., Romney, WV 26757.

7. **Defendants:**

   a. **Salisbury University:** A public educational institution located at 1101 Camden Avenue, Salisbury, Maryland 21801.

b. **Dr. Carolyn "Lyn" Ringer Lepre:** President of Salisbury University, sued in her official capacity.  Her business address is: 1101 Camden Avenue, Salisbury, Maryland 21801.

c. **Dr. Laurie Couch:** Provost and Senior Vice President of Academic Affairs at Salisbury University, sued in her official capacity.  Her business address is: 1101 Camden Avenue, Salisbury, Maryland 21801.

d. **Dr. Dane Foust:** Vice President of Student Affairs & Auxiliary Services at Salisbury University, sued in his official capacity.  Her business address is: 1101 Camden Avenue, Salisbury, Maryland 21801.

e. **Ms. Aurora Edenhart-Pepe:** Vice President of Administration & Finance at Salisbury University, sued in her official capacity.  Her business address is: 1101 Camden Avenue, Salisbury, Maryland 21801.

f. **University System of Maryland (USM) Board of Regents:** The governing body of Salisbury University, responsible for ensuring compliance with state and federal laws.  Their business address is: 1101 Camden Avenue, Salisbury, Maryland 21801.

g. **Owners, Employees, and Agents of Salisbury University:** Additional individuals whose actions contributed to the alleged harm

## FACTUAL ALLEGATIONS

8. Plaintiff has documented disabilities, including severe ADHD and a hearing impairment, which qualify her as an individual with disabilities under the ADA and Section 504 of the Rehabilitation Act.

9. Plaintiff enrolled in Salisbury University's Master's in Social Work program and maintained a 3.8 GPA throughout her coursework.

10. In early 2020, during the COVID-19 pandemic, Plaintiff contracted COVID-19, causing significant illness and preventing her from completing an appointment to finalize her request for academic accommodations.

11. Despite being on notice of Plaintiff's disabilities and her Individualized Education Program (IEP) recognized by the State of Maryland, Defendants failed to provide reasonable accommodations or engage in the interactive process required by federal law.

12. Plaintiff's disabilities impacted her ability to meet fieldwork requirements without accommodations, leading to two incidents of alleged "unprofessionalism."

13. Defendants convened a disciplinary meeting to address these incidents, but failed to acknowledge Plaintiff's disabilities or the lack of accommodations as mitigating factors.

14. On February 13, 2023, Defendants dismissed Plaintiff from the Master's program, citing misconduct and failure to follow university policies, without

providing an opportunity for meaningful appeal or consideration of her documented disabilities.

15. Defendants' actions caused Plaintiff significant harm, including emotional distress, reputational damage, academic setbacks, and the loss of professional opportunities.

## CLAIMS FOR RELIEF

### Count I: Violation of the Americans with Disabilities Act (ADA)

16. Plaintiff repeats and re-alleges all previous as if fully set forth herein.

17. Under Title II of the ADA, public entities, including public universities, are prohibited from discriminating against qualified individuals with disabilities in their programs, services, or activities.

18. Plaintiff is a qualified individual with disabilities under the ADA, as she has documented impairments, including severe ADHD and a hearing impairment, that substantially limit one or more major life activities, including learning, concentrating, and communicating.

19. Plaintiff was otherwise qualified to participate in Salisbury University's Master's in Social Work program, as evidenced by her 3.8 GPA and her academic progress, but required reasonable accommodations to fully access and perform her fieldwork assignments.

20. Defendants breached their obligations under the ADA by:

    a. Failing to provide reasonable accommodations despite Plaintiff's submission of an Individualized Education Program (IEP) and additional documentation;

    b. Failing to engage in the required interactive process to determine appropriate accommodations;

    c. Dismissing Plaintiff for conduct directly related to her disabilities without addressing her need for accommodations or mitigating circumstances, including her illness from COVID-19; and

    d. Requiring Plaintiff to attend an appointment for accommodations during the COVID-19 pandemic, but failing to provide an alternative process or rescheduling opportunity when Plaintiff fell ill.

21. Defendants' actions and omissions directly and proximately caused Plaintiff to suffer emotional distress, academic setbacks, reputational harm, and the loss of educational and professional opportunities.

22. As a result, Defendants violated the ADA, entitling Plaintiff to declaratory relief, injunctive relief, compensatory damages, and attorneys' fees.

**Count II: Violation of Section 504 of the Rehabilitation Act of 1973**

23. Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

24. Section 504 of the Rehabilitation Act prohibits discrimination on the basis of disability in any program or activity receiving federal financial assistance.

25. Salisbury University receives federal financial assistance and is therefore subject to the requirements of Section 504.

26. Plaintiff is a qualified individual with disabilities under Section 504 and was otherwise capable of meeting the essential requirements of Salisbury University's Master's program with reasonable accommodations.

27. Defendants violated Section 504 by:

    a. Denying Plaintiff the benefits of its services, programs, and activities through its failure to provide reasonable accommodations, despite notice of her disabilities;

    b. Failing to modify its policies and procedures during the COVID-19 pandemic to ensure Plaintiff had equal access to accommodations and support; and

    c. Dismissing Plaintiff due to conduct stemming directly from her disabilities, without exploring or providing reasonable accommodations.

28. Defendants' actions resulted in Plaintiff being deprived of meaningful access to her education and fieldwork, causing her significant harm, including emotional distress, academic and professional setbacks, and reputational damage.

29. By failing to provide Plaintiff with accommodations and excluding her from the program, Defendants violated Section 504 of the Rehabilitation Act.

## Count III: Discrimination in Violation of Title II of the Americans with Disabilities Act

30. Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

31. Title II of the ADA prohibits public entities from discriminating against qualified individuals with disabilities in their programs, services, or activities.

32. Plaintiff is a qualified individual with disabilities under Title II and was entitled to equal access to Salisbury University's educational programs and services.

33. Defendants discriminated against Plaintiff by failing to provide her with reasonable accommodations for her disabilities and dismissing her for behaviors directly related to her disabilities, without mitigating or addressing the impact of their actions.

34. Defendants' failure to engage in an interactive process to determine appropriate accommodations, coupled with their dismissal of Plaintiff under discriminatory circumstances, constituted intentional discrimination in violation of Title II of the ADA.

35. As a direct result of Defendants' actions, Plaintiff suffered harm, including emotional and psychological distress, reputational damage, and lost educational and career opportunities.

**Count IV: Violation of Procedural Due Process Rights (42 U.S.C. § 1983)**

36. Plaintiff repeats and re-alleges every previous paragraph as if fully set forth herein.

37. The Fourteenth Amendment to the United States Constitution guarantees individuals procedural due process before being deprived of life, liberty, or property.

38. Plaintiff had a protected property interest in her continued enrollment in Salisbury University's Master's program, as her dismissal carried significant consequences for her education and professional future.

39. Defendants violated Plaintiff's procedural due process rights by:
a. Failing to provide Plaintiff with proper notice of the allegations and evidence against her;
b. Conducting a disciplinary meeting and subsequent dismissal without affording Plaintiff a meaningful opportunity to be heard or to address the allegations in a fair and impartial forum; and
c. Failing to consider Plaintiff's disabilities, COVID-19-related challenges, or her IEP during the disciplinary process.

40. As a direct and proximate result of Defendants' actions, Plaintiff was unfairly dismissed, suffered emotional and reputational harm, and lost educational and professional opportunities.

41. Defendants acted under color of state law in all of the foregoing actions and inactions, and their actions deprived Plaintiff of rights secured by the Fourteenth Amendment, entitling Plaintiff to compensatory damages and other relief under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jennifer Doney respectfully requests that this Court enter judgment in her favor for a sum in excess of $150,000.00 and also award the following relief:

1. A declaration that Defendants' actions violated the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, Title II of the ADA, and Plaintiff's procedural due process rights under the Fourteenth Amendment;

2. An order overturning Plaintiff's expulsion from Salisbury University's Master's in Social Work program and reinstating her to the program with all appropriate accommodations in place;

3. An injunction requiring Defendants to implement policies and practices that comply with the ADA, Section 504, and procedural due process requirements,

including mandatory training for administrators and faculty on disability rights and accommodations;

4. Compensatory damages for emotional distress, reputational harm, academic setbacks, and lost professional opportunities caused by Defendants' actions;

5. Punitive damages to deter Defendants and others from engaging in similar discriminatory and unlawful conduct;

6. Costs and reasonable attorneys' fees as allowed by law; and

7. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Lawrence A. Katz, Esquire*
**LAWRENCE A. KATZ**
(DMD Bar No. 26686)
LLG National NJ, LLC
Counsel for Plaintiff
BEOWULF BUILDING
1814 East Route 70 - Suite 321
Cherry Hill, NJ 08003
Phone: 856.652.2000
Fax: 856.375.1010
Email: lawrence.katz@LLGNational.com

---

100 Main Street
Suite 1077
Pittsburgh, PA  15215