**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JENNIFER DONEY, | * | |
| *Plaintiff*, | * | |
| v. | * | No. 1:25-cv-03918-JRR |
| SALISBURY UNIVERSITY, ET AL., | * | |
| *Defendants*. | * | |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants Salisbury University, University System of Maryland Board of Regents, Carolyn Ringer Lepre, Dane Foust, Laurie Couch, and Aurora Edenhart-Pepe, by undersigned counsel, respectfully submit this reply memorandum of law in support of their motion to dismiss the complaint filed by the plaintiff, Jennifer Doney.

**REPLY ARGUMENT**

**I.   BECAUSE MS. DONEY ADMITS SHE NEVER FINALIZED HER ACCOMMODATION REQUEST, SHE FAILS TO STATE A CLAIM FOR DISABILITY DISCRIMINATION.**

Ms. Doney argues in her opposition that defendants attempt "to convert disputed factual issues into pleading deficiencies." Opp. at 4. But her own allegations establish that she cannot state a plausible ADA or Rehabilitation Act failure to accommodate claim. She concedes she never finalized an accommodation request with the University, and Fourth Circuit precedent requires that students communicate disabilities and request specific accommodations.

A university's duty to accommodate arises only when the student provides a proper diagnosis and requests a specific accommodation. *Manickavasagar v. Virginia Commonwealth Univ. Sch. of Med.*, 667 F. Supp. 2d 635, 646 (E.D. Va. 2009); *see also Halpern v. Wake Forest*

*Univ. Health Scis*., 669 F.3d 454, 465 (4th Cir. 2012) (holding that university was not obligated to accommodate student's disability until he provided a proper diagnosis and requested specific accommodation.)   By her own admission, Ms. Doney did not finalize her request and did not attend a scheduled meeting to discuss the accommodation she needed, citing illness, and she fails to explain why she never attempted to reschedule the meeting.  Compl. ¶¶ 8, 10.  This deficiency is fatal to her claims.[1]

The complaint also contains only conclusory allegations suggesting that the unprofessional conduct for which Ms. Doney was disciplined was caused by disability-related limitations that would have been mitigated by reasonable accommodations.  Ms. Doney repeats those allegations in her opposition but points to no facts that could support a conclusion that her unprofessional conduct could have been remedied by accommodations.   Thus, Ms. Doney fails to state a claim for disability discrimination and counts one through three should be dismissed.

## II.    MS. DONEY CONCEDES ELEVENTH AMENDMENT IMMUNITY BARS HER DUE PROCESS CLAIM AGAINST THE UNIVERSITY AND USM.

Ms. Doney does not address defendants' argument that both the University and USM have Eleventh Amendment immunity as to her due process claim in count four.  Her silence constitutes abandonment of the claim.  *See, e.g., Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 783 (D. Md. 2010) (plaintiff's failure to address defendant's arguments in plaintiff's opposition to dispositive motion constituted an abandonment of plaintiff's claims).  Thus, count four should be dismissed as to the University and USM.

---

[1] In her opposition, Ms. Doney asserts that the University was on notice of her disability because she had an Individualized Education Program ("IEP").  But the Individuals with Disabilities Education Act ("IDEA") and its IEP requirement do not extend to post-secondary settings. 20 U.S.C. §§ 1400 - 1482.  Colleges and universities operate under different frameworks, and students must self-advocate and request accommodations.

**III.     THE *EX PARTE YOUNG* EXCEPTION DOES NOT SAVE MS. DONEY'S CLAIMS.**

Ms. Doney asserts that claims against the individual defendants fall within the *Ex parte Young* exception because she seeks declaratory and injunctive relief. Opp. at 12. This argument misapprehends the doctrine. *See Albert v. Lierman*, 152 F.4th 554, 561 (4th Cir. 2025) (the mere fact that a plaintiff seeks declaratory or injunctive relief is not dispositive; the critical question is whether the relief sought is prospective in nature)

The *Ex parte Young* exception requires (1) an ongoing violation of federal law, and (2) prospective relief only. *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). Ms. Doney satisfies neither requirement. There is no allegation of an ongoing violation of federal law and she does not seek only prospective relief. Ms. Doney's complaint alleges only past harms. For example, Ms. Doney alleges that because of the purported due process violation, she was "unfairly dismissed, suffered emotional and reputational harm, and lost educational and professional opportunities." Compl. ¶ 40. Similarly, regarding the alleged ADA violations, Ms. Doney claims that she "suffered harm, including emotional and psychological distress." Compl. ¶ 35. The retrospective damages Ms. Doney seeks for these purported past harms remove her claim from the ambit of the *Ex parte Young* exception and the official capacity claims should be dismissed.

**IV.     MS. DONEY'S GENERALIZED ALLEGATIONS FAIL TO MEET RULE 8 PLEADING REQUIREMENTS.**

Ms. Doney's complaint contains no substantive allegations against the individually named defendants and falls far short of Rule 8's requirements. Rule 8 of the Federal Rules of Civil Procedure mandates a "short and plain statement of the claim showing that the pleader is entitled to relief," which must provide each defendant "fair notice" of the basis for the claims. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Collective allegations

against all "defendants," without specific individualized conduct, does not suffice. *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023).

Ms. Doney argues that her collective allegations are sufficient, citing *Jordan by Jordan v. Jackson*, 15 F.3d 333 (4th Cir. 1994) and *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). But these cases predate *Iqbal* and *Twombly*, which require greater specificity. Allegations must be more than conclusory and must allow the court to draw a reasonable inference of liability. *Iqbal*, 556 U.S. at 678. Ms. Doney's allegations do neither. The complaint merely identifies the officials' positions, Compl. ¶ 7, but alleges no specific acts by them. The individually named defendants therefore lack fair notice, and the claims against them should be dismissed.

## V.    MS. DONEY CANNOT MAINTAIN OFFICIAL CAPACITY CLAIMS AGAINST FORMER UNIVERSITY EMPLOYEES.

Ms. Doney concedes that Dr. Foust and Dr. Couch are no longer employed by the University, yet she seeks to maintain official capacity claims against them. Opp. at 15. In support of her argument, Ms. Doney cites Federal Rule 25(d), which provide that an action does not abate when an officer sued in an official capacity leaves office while the action is pending. But Dr. Foust and Dr. Couch left the University before this action commenced. Official capacity suits are suits against the holder of the office. *See, e.g., Stewart v. Nottoway Cnty.*, 684 F. Supp. 3d 467, 477 (E.D. Va. 2023). Because neither Dr. Foust nor Dr. Couch is a current University official, the claims against them should be dismissed.

## CONCLUSION

For these reasons and those in defendants' opening memorandum, the motion to dismiss should be granted.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Michael E. Rowan*
MICHAEL E. ROWAN
Federal Bar No. 27660
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland  21202
mrowan@oag.maryland.gov
(410) 576-6476

June 11, 2026                                    Attorneys for Defendants

5

6

## CERTIFICATE OF SERVICE

I certify that, on this 11th day of June, 2026, the foregoing was served by CM/ECF on all registered CM/ECF users.

*/s/ Michael E. Rowan*
MICHAEL E. ROWAN

6